# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Penrod Lane, LLC a Minnesota limited liability company and Ashraf, LLC, a Minnesota limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTRY Mutual Insurance Company,<br><br>Defendant. | Court File No:<br><br>**ANSWER**<br><br>**JURY TRIAL DEMANDED** |

Defendant COUNTRY Mutual Insurance Company ("COUNTRY") for its Answer to the Complaint of Plaintiffs Penrod Lane, LLC and Ashraf, LLC denies each and every allegation, matter, and thing contained in the Complaint, except as hereinafter admitted, alleged, or qualified. COUNTRY further answers as follows:

1. Upon information and belief, COUNTRY admits the allegations contained within ¶ 1 of Plaintiffs' Complaint.

2. COUNTRY admits the allegations contained within ¶ 2 of Plaintiffs' Complaint.

3. Responding to ¶ 3 of Plaintiffs' Complaint, COUNTRY admits that Plaintiffs claim that they are owners of each of the Properties at all relevant times.

4. Responding to ¶ 4 of Plaintiffs' Complaint, COUNTRY admits that it issued insurance policies to Plaintiffs. Any insurance coverage under the policies is

provided subject to the terms and conditions of the policy. COUNTRY alleges that the language of each insurance policy speaks for itself.

5.     Responding to ¶ 5 of Plaintiffs' Complaint, COUNTRY is without sufficient information to admit or deny the allegations. To the extent a response is required, COUNTRY admits that it issued insurance policies to Plaintiffs for all relevant times. Any insurance coverage under the policies is provided subject to the terms and conditions of the policy. COUNTRY alleges that the language of each insurance policy speaks for itself.

6.     Responding to ¶ 6 of Plaintiffs' Complaint, upon information and belief, COUNTRY admits that Plaintiffs utilized an agent to obtain the insurance policies at issue. COUNTRY alleges that Plaintiffs had the responsibility to obtain appropriate insurance coverage. COUNTRY denies the remaining allegations.

7.     Responding to ¶ 7 of Plaintiffs' Complaint, COUNTRY admits that it issued insurance policies to Plaintiffs for all relevant times. Any insurance coverage under the policies is provided subject to the terms and conditions of the policy. COUNTRY alleges that the language of each insurance policy speaks for itself.

8.     Responding to ¶ 8 of Plaintiffs' Complaint, COUNTRY admits that it issued insurance policies to Plaintiffs for all relevant times. Any insurance coverage under the policies is provided subject to the terms and conditions of the policy. COUNTRY alleges that the language of each insurance policy speaks for itself.

9.     Responding to ¶ 9 of Plaintiffs' Complaint, COUNTRY admits that Plaintiffs allege damage as a result of a storm on May 22, 2011. COUNTRY denies the

remaining allegations. COUNTRY specifically denies the nature and extent of the damages claimed by Plaintiffs and puts COUNTRY to strict proof of the same.

10. COUNTRY denies the allegations contained within ¶ 10 of Plaintiffs' Complaint.

11. Responding to ¶ 11 of Plaintiffs' Complaint, COUNTRY admits that appraisals were conducted and that payments were issued. COUNTRY denies the remaining allegations. COUNTRY specifically denies that it is in breach of the insurance policies. COUNTRY denies that Plaintiffs performed all conditions under the policies. COUNTRY denies the nature and extent of damages claimed and puts Plaintiffs to strict proof of the damages claimed.

12. Responding to ¶ 12 of Plaintiffs' Complaint, COUNTRY denies that nature and extent of damages claimed by Plaintiffs and puts Plaintiffs to strict proof of the same. COUNTRY further denies that Plaintiffs established a claim for loss of rent.

13. Responding to ¶ 13 of Plaintiffs' Complaint, COUNTRY admits that Plaintiffs demand additional payment. COUNTRY denies that Plaintiffs have complied with the terms and conditions of the policies under which they are seeking coverage. COUNTRY denies that it is in breach of the terms of the insurance contract.

14. Responding to ¶ 14 of Plaintiffs' Complaint, COUNTRY denies the nature and extent of damages claimed by Plaintiffs and puts Plaintiffs to strict proof of the same.

15. Responding to ¶ 15 of Plaintiffs' Complaint, COUNTRY admits that the appraisal process was demanded. COUNTRY denies that Plaintiffs have complied with the terms and conditions of the policies under which they are seeking coverage.

16. Responding to ¶ 16 of Plaintiffs' Complaint, COUNTRY denies that Plaintiffs have complied with the terms and conditions of the policies under which they are seeking coverage.

17. Responding to the paragraph beginning with "WHEREFORE," COUNTRY denies that Plaintiffs have established entitlement to the relief sought and puts Plaintiffs to strict proof of the same.

## AFFIRMATIVE DEFENSES

### First Defense

18. The Complaint fails to state a claim upon which relief may be granted.

### Second Defense

19. Some or all of the claims in the Complaint fail to state a claim upon which relief may be granted.

### Third Defense

20. Coverage may be limited or barred to the extent that Plaintiffs breached the cooperation conditions under the Policy.

### Fourth Defense

21. Coverage may be limited or barred to the extent that Plaintiffs did or do not comply with the replacement cost provisions in the Policy.

### Fifth Defense

22. Coverage may be limited or barred to the extent Plaintiffs fail to provide documentation to support a claim for loss of rent.

### Sixth Defense

23. Alleges that Plaintiffs' claims against COUNTRY may be barred, precluded, or, in any event, any possible relief is limited and/or subject to the provisions, exclusions, definitions, terms, conditions, limitations, including the provisions relating to appraisal and any other insurance provisions and limitations contained in the COUNTRY policy. The provisions, exclusions, definitions, terms, conditions, and limitations are too voluminous to itemize and therefore are incorporated by reference.

### Seventh Defense

24. Plaintiffs' claims may be barred in whole or in part by the doctrines of waiver, estoppel, unclean hands, and accord and satisfaction.

### Eighth Defense

25. COUNTRY alleges that Plaintiffs' claims are barred to the extent that they are seeking payment of amounts that were previously determined by appraisal.

### Ninth Defense

26. COUNTRY might have additional defenses that cannot now be articulated and therefore reserves any and all other affirmative defenses.

WHEREFORE, COUNTRY prays for the following relief:

1. That Plaintiffs take nothing by their Complaint and COUNTRY be awarded judgment of dismissal with prejudice together with costs and disbursements incurred herein.

2. For such other and further relief as this Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

COUNTRY demands a trial by jury for all issues so triable.

Dated:  June 4, 2013                      s/Leatha G. Wolter
                                          Leatha G. Wolter (#175614)
                                          Tamara L. Rollins (#313403)
                                          MEAGHER & GEER, P.L.L.P.
                                          33 South Sixth Street, Suite 4400
                                          Minneapolis, MN  55402
                                          Tel:  (612) 338-0661
                                          Fax:  (612) 338-8384
                                          Email:  lwolter@meagher.com
                                                  trollins@meagher.com
                                          ***Attorneys for Defendant COUNTRY
                                          Mutual Insurance Company***

9076101.1