**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Penrod Lane, LLC a Minnesota limited liability company and Ashraf, LLC, a Minnesota limited liability company, | Court File No: 13-cv-1336 (JNE/TNL) |
| Plaintiffs, | **Joint Rule 26(f) Report** |
| v. | |
| COUNTRY Mutual Insurance Company, | |
| Defendant. | |

---

The pretrial conference in this matter is scheduled for August 13, 2013, at 10:00 a.m., before Magistrate Judge Tony N. Leung in Chambers 342, U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota.

**1. Date and Place of the meeting and identification of the parties and their attorneys**

a. The parties participated in a conference pursuant to Fed. R. Civ. P. 26(f) on July 29, 2013, at the offices of Meagher & Geer, P.L.L.P., 33 South Sixth Street, Suite 4400, Minneapolis, MN 55402.

b. Attorney Edward F. Rooney, 100 North Sixth Street, Suite 550A, Minneapolis, Minnesota 55403; (612) 285-7621 appeared for and on behalf of Plaintiff.

Attorney Tamara L. Rollins, Meagher & Geer, PLLP, 33 South Sixth Street, Suite 4400, Minneapolis, Minnesota 55402; (612) 347-9176 appeared for and on behalf of Defendant.

c. Name of insurance carriers that may be liable for the defense or payment of any damage award.

- Plaintiffs are seeking coverage under insurance policies issued by COUNTRY Mutual Insurance Company.

    d.    Agenda of matters to be discussed at the Pretrial Conference.

        Plaintiffs request to discuss possibility of bifurcating disposition of the plaintiffs' rent loss claims from the disposition of property damage claims. At this time, Defendant does not feel this request has merit and the appraisal process can be completed as whole for both claims. Plaintiffs would also like to discuss the possibility of using the appraisal process provided by the defendant's insurance policy as a mechanism of alternative dispute resolution as to the plaintiffs' property damage claims. COUNTRY has continued to indicate the Plaintiffs that it is willing to use the appraisal process to evaluate plaintiffs' claims upon receipt of previously requested information from plaintiffs, including identification of damages for each property, repairs made, rents received, copies of repair invoices and/or receipts, and documentation of rents received for each property. Defendant would like to discuss a deadline for plaintiffs to produce the requested information.

## 2. Description of the case

    a.    A concise statement of the jurisdictional basis of the case, giving statutory citation and a brief narrative description;

        The United States District Court for the District of Minnesota has diversity jurisdiction over the claims in this lawsuit under 28 U.S.C. § 1332(a) and (c).

    b.    A brief narrative of the facts giving rise to the lawsuit, including a description of legal claims and defenses;

**Plaintiffs' narrative:**

        Plaintiffs, which are both owned by the same married couple, are in the business of owning and managing rental properties. Plaintiffs own a total of ten residential properties in north Minneapolis which were damaged to various degrees by a tornado on May 22, 2011. Defendant insured all of the Plaintiffs' damaged properties on that date.

        Based on the tornado damage to its properties, the Plaintiffs have made timely claims to the Defendant of both property damage and loss of rental income from the damage properties.

Defendant has not paid any of the Plaintiffs' loss of rental income claims, stating that the Plaintiffs have not submitted sufficient documentation to establish such claims.

As to the Plaintiffs' property damage claims, the extent of insured loss to several of the Plaintiffs' properties has been determined and paid through the appraisal process provided by the Defendant's insurance policies, but the appraisal process as to Plaintiffs' other damage properties had not been completed at the time that the Plaintiffs were required by the insurance policies' two year limitations period to begin this lawsuit to protect their interests. Both the Plaintiffs and the Defendant have claimed that the other party has not been forthcoming with information necessary to carry the appraisal process forward.

**Defendant's narrative:**

Plaintiffs own eight residential properties, which are rented for income. Plaintiffs claim that a tornado on May 22, 2011 caused damage to each of the eight rental properties. At the time of the storm, COUNTRY had issued to Plaintiffs two insurance policies that provided coverage for the properties.

Plaintiffs made a claim for damage to the properties. COUNTRY initiated an investigation of the claim. Three of the properties proceeded through the formal appraisal process and payments were made accordingly. Estimates of repairs were made by COUNTRY on three additional properties and provided to Plaintiffs. Plaintiffs claim repairs were made on the properties not subject to the formal appraisal process. COUNTRY requested verification of the repairs including identification of the work performed at each property, the vendors performing the work, and copies of receipts and invoices for the work performed prior to completion of the adjustment process. To date, Plaintiffs have not provided the requested information and therefore, COUNTRY has been unable to perform the necessary inspections, and to complete the adjustment process.

In addition, Plaintiffs claim loss of rental income for each of the eight properties. The rental income was not part of the appraisal process on the three formally appraised properties. COUNTRY requested that Plaintiffs provide information regarding the claimed loss of rental income, including verification of the rental income received in 2011 and 2012, including cancelled checks, bank statements, and CRP or any other tax forms provided to tenants during those years. To date, COUNTRY has not been provided with the requested documentation, including bank statements,

cancelled checks, or tax forms. COUNTRY is not able to properly evaluate Plaintiffs' claim for loss of rental income until the requested documentation has been received.

Plaintiffs brought this action in light of the pending expiration of the applicable statute of limitations in May 2013. Plaintiffs are requesting inspection of the remaining five properties, as well as payment on the loss of rental income claim. COUNTRY denies the allegations made by Plaintiffs. COUNTRY specifically denies that Plaintiffs have provided the necessary proofs of loss and that Plaintiffs have performed all conditions on their part. COUNTRY disputes the extent of damages claimed by Plaintiffs including property damages and loss of rent. COUNTRY provided Plaintiffs with the requested information.

c. A summary itemization of the dollar amount of each element of the alleged damages.

Plaintiffs allege property damage in excess of $250,000. Plaintiffs also allege loss of rental income in excess of $50,000. COUNTRY has continued to request an itemization of the claimed damages for each individual property. To date, an itemization of damages has not been produced. COUNTRY requested that Plaintiffs provide proof of loss regarding the claimed damages. COUNTRY puts Plaintiffs to strict proof regarding the damages claimed.

## 3. Pleadings

a. Plaintiffs' Complaint and Defendant's Answer have been filed. Plaintiffs may wish to amend their Complaint to add a related claim against the Defendant for subsequent vandalism and theft damage to one of Plaintiff Penrod Lane's storm-damaged properties.

b. All motions that seek to amend the pleading or add parties, including but not limited to motions to add a claim under Minn. Stat. § 604.18, must be served and filed no later than <u>September 15, 2013</u>.

c. The parties timely demanded a trial by jury, which is permissible under the law.

**4. Discovery Plan**

    a.    The initial Rule 26(a)(1) disclosures of witnesses, documents, itemized damage computations and insurance will be completed by September 10, 2013.

    b.    The parties have been discussing settlement and will continue to do so. If the parties believe an early settlement conference with the magistrate judge will be helpful, the parties will contact the Court following the initial disclosures and prior to the commencement of formal discovery.

    c.    The parties do not foresee the need to conduct discovery in phases or to focus on any particular issues.

    d.    Plaintiff shall disclose the identity of expert witnesses and their reports under Rule 26(a)(2)(A) and (B) by January 15, 2014. Defendant shall disclose the identity of expert witnesses and their reports under Rule 26(a)(2)(A) and (B) by February 15, 2014.

    e.    Each party shall be permitted to serve 50 interrogatories.

    f.    Each party shall be permitted to take 8 depositions (excluding depositions of expert witnesses).

    g.    Each party shall be permitted to take 1 deposition per identified expert.

**5. Close of Discovery and Non-Dispositive Motions**

    a.    All discovery shall be completed and all non-dispositive motions shall be filed and served on or before April 1, 2014.

**6. Dispositive Motions and Trial**

    a.    All dispositive motions shall be served, filed and heard by the Court on or before July 1, 2014.

    b.    This case will be ready for trial by October 1, 2014.

    c.    Each party expects to call 4 expert witnesses at trial.

    d.    The estimated trial time (including jury selection and instructions, if applicable) is 5 to 7 days.

6

Dated:  August 6, 2013                   /s/ Edward Rooney
                                             Edward Rooney (#9321X)
                                             Attorney at Law
                                             100 North Sixth Street, Suite 550A
                                             Minneapolis, MN  55403
                                             Tel:  (612) 285-7621
                                             Email:  rooneylaw@visi.com
                                             *Attorney for Plaintiffs*
                                             *Penrod Lane, LLC and Ashraf LLC*

Dated:  August 6, 2013                   /s/ Leatha G. Wolter
                                             Leatha G. Wolter (#175614)
                                             Tamara L. Rollins (#313403)
                                             MEAGHER & GEER, P.L.L.P.
                                             33 South Sixth Street, Suite 4400
                                             Minneapolis, M N  55402
                                             Tel:  (612) 338-0661
                                             Fax:  (612) 338-8384
                                             Email:  lwolter@meagher.com
                                                        trollins@meagher.com
                                             *Attorneys for Defendant COUNTRY*
                                             *Mutual Insurance Company*